UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WEBVENTION LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:11–cv–225 |
| | ) |
| ALLERGAN, INC., *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## L. L. BEAN MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant L. L. Bean, Inc. ("L. L. Bean") moves to dismiss the complaint filed against it. As noted in L. L. Bean's simultaneously–filed motion to stay these proceedings, the patent–in–suit, U.S. Patent No. 5,251,294 ("Accessing, Assembly, and Using Bodies of Information") (the "'294 patent"), is faring poorly in reexamination proceedings before the United States Patent & Trademark Office ("PTO"), and any resolution of this matter to should await a determination by the PTO as to the extent to which there *is* a valid '294 patent. Alternatively, L. L. Bean files this instant motion to dismiss on grounds that, following *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Complaint (Dkt. No. 1) of Plaintiff Webvention LLC ("Webvention") fails to state a claim of patent infringement. Indeed, the hastily pled nature of the complaint suggests that Webvention sought to file (and perhaps settle) this latest lawsuit before the PTO sounds the death knell of its claims.

## BACKGROUND

Webvention's allegations against L. L. Bean are identical to those against the other 21 defendants to this lawsuit, which range from a cruise line (Royal Caribbean) to retailers (L. L.

Bean and Polo Ralph Lauren, among others), to online entertainment providers (Hulu). The only apparent commonality between these defendants is that they all operate websites, and, at least according to Webvention, such websites somehow, without explanation, practice the patented invention of "Accessing, Assembly, and Using Bodies of Information."

Plaintiff's one–paragraph accusation against L. L. Bean, which provides the sum and substance for its claims, is identical to that directed at every other defendant to this lawsuit:

> Upon information and belief, Defendant L.L. Bean infringed directly, contributorily, and/or through the inducement of others, the '294 patent by making, having made, using and/or making available for use websites that practice or embody the patented invention. For example, and without limitation, L.L. Bean makes, has made, uses and/or makes available for use in the United States, the www.llbean.com website.

Complaint ¶ 39. In other words, and pled entirely on information and belief, because L. L. Bean has a website available for use, it simply must practice the patented invention. These types of "we–have–a–patent–and–you–have–a–website" allegations are not sufficient even under the liberal pleading standards governing patent cases, *see McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007); *PA Advisors, LLC v. Google Inc.*, 2008 WL 4136426 (E.D. Tex. Aug. 8, 2008), and, if any doubt remained, *Ashcroft* and *Twombly* marked the end of such a casual approach to pleading patent infringement.

### STANDARD OF REVIEW

Whether a plaintiff has stated a claim upon which relief can be granted can be challenged by a motion to dismiss. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) of the Federal Rules of Civil Procedure must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Garrett v. Simank,* 2009 WL 4640504, *2 (W.D. Tex. Nov. 30, 2009) (citing *Twombly*, 550 U.S. at 555). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."

*Twombly,* 550 U.S. at 570; *accord Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 3155888, *1 (E.D. Tex. Mar. 29, 2010) (brackets added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (brackets added). "But where the well–pleaded *facts* do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added; brackets added by Court); *accord Staton Holdings, Inc. v. Russell Athletic, Inc.,* 2009 WL 4016117, *2 (N.D. Tex. Nov. 20, 2009).

The *Ashcroft* Supreme Court has signaled that "I have a patent, you have a website" allegations of patent infringement are not adequate to state a claim upon which relief can be granted. Far more is required than merely identifying one's patents and stating on the unremarkable proposition that several defendants operate websites. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555); *accord Thomas v. Tyler County*, 2010 WL 4962968, *8 (E.D. Tex. Nov. 4, 2010). "Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 555) (brackets added by Court). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1950 (citing *Twombly*,

550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

Following *Ashcroft*, it is clear that the question is no longer whether it is "possible" that the defendant harmed the plaintiff under the facts alleged, but whether it is "plausible," *i.e.*, whether the plaintiff has pled "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556) (emphasis added). Unless the Court can draw the "reasonable inference" that L. L. Bean infringes the patent–in–suit simply by virtue of having a website, such as www.llbean.com, Webvention's Complaint cannot survive scrutiny under *Ashcroft*.

## ARGUMENT

In short, the fact that Webvention claims to own a patent and L. L. Bean has a website cannot support a reasonable inference that L. L. Bean infringes any claim of the '294 patent. There is nothing in the language of the allegations of the Complaint to connect L. L. Bean's website to any claim of the patent–in–suit; and nothing intrinsic to the '294 patent to tie it to a generic ecommerce webpage. Any inference that might be drawn from Webvention's general allegation against L. L. Bean is as true of any website in the world as it is of www.llbean.com. In other words, the Complaint says nothing that would enable L. L. Bean to determine what distinguishes an infringing website operator from a non–infringing website operator.

### I. WEBVENTION FAILS TO STATE A CLAIM OF DIRECT INFRINGEMENT

Plaintiff's cursory one–size–fits–all allegation bears repeating:

> Upon information and belief, Defendant L.L. Bean infringed directly, contributorily, and/or through the inducement of others, the '294 patent by making, having made, using and/or making available for use websites that practice or embody the patented invention. For example, and without limitation, L.L. Bean makes, has made, uses and/or makes available for use in the United States, the www.llbean.com website.

Complaint ¶ 39. This is precisely the type of bare bones allegation that does not pass muster under even liberal Rule 8(a) pleading standards. Indeed, following the Supreme Court's decision in *Twombly,* pleading on "information and belief," without more, is generally insufficient to survive a motion to dismiss. *See, e.g., Funk v. Stryker Corp.*, 673 F. Supp. 2d 522, 525 (S.D. Tex. 2009) (granting motion to dismiss allegations pled "on information and belief," stating: "[t]his court reviews allegations based upon information and belief under *Twombly*'s 12(b)(6) formulation requiring sufficient fact pleading to make a claim plausible.") (brackets added). For instance, in *Elan Microelectronics Corp. v. Apple Inc.*, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009), the court considered an allegation that "on information and belief," the defendant "has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271" the specified patents "through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart–Pad." *Id.* at *2. The *Elan* court found that the pleading "plainly [fell] within the prohibition against '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" and dismissed the patent infringement claims. *Id.* (citing *Ashcroft*, 129 S. Ct at 1949).

     At least the Plaintiff in *Elan* made the effort to identify particular products alleged to infringe the specified patents. In Webvention's Complaint, it has simply noted that all of the defendants operate a website. Such websites range the gamut from ecommerce stores (L. L. Bean) to providers of information and/or entertainment (Hulu). Even if Webvention had limited its targets just to ecommerce operations—which it did not do—a sales website is no more an infringing instrumentality than a retail store. If anything infringes a patent, it is some specified feature or page of a website, not the entire sales channel. Similarly, with respect to retail stores, a patentee holding a patent relating to department store cash registers accuses the registers, not the

entire store, of infringement. *See, e.g., Data Line Corp. v. Micro Technologies, Inc.*, 813 F.2d 1196 (Fed. Cir. 1987) (device used with computerized registers in department stores). The same holds true of Internet sales channels—there must be some factual basis provided to explain why Webvention alleges that particular pages, features, or elements of L. L. Bean's webpage infringe particular claims of Webvention's patent.

Suffice it to say, Webvention did not obtain a patent for the Internet, and thus cannot simply allege that L. L. Bean's mere presence on the Internet infringes its patents. That overbroad allegation is quite distinct from an allegation, to take the example contained in Form 18 to the Federal Rules of Civil Procedure, that a defendant's "electric motors" infringe a patent, the example relied upon—before *Ashcroft*—to vacate the dismissal in *McZeal*. 501 F.3d at 1356–57. It is one thing to say that a specific product or product line infringes a patent, but quite another, gauzy and gossamer thing to say that the simple fact of online existence infringes.

## II. WEBVENTION FAILS TO STATE A CLAIM OF INDIRECT INFRINGEMENT

Since Webvention has not adequately stated a claim for direct infringement, its claims of indirect infringement must fail as well. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Thus, either form of 'dependent infringement' cannot occur without an act of direct infringement"); *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 2026627, *3 (E.D. Tex. May 6, 2010) (dismissing a claim where the plaintiff had "not alleged a direct infringer in relation to its indirect infringement claims").

However, in addition to the fact that Form 18 does not cover the overbroad allegations of direct infringement in Webvention's Complaint—and to the extent it survives *Ashcroft, see Elan*, 2009 WL 2972374 at *2 (noting that Form 18 "is not easy to reconcile…with the guidance of the Supreme Court in *Twombly* and *Iqbal*") (ellipsis added); *accord Sharafabadi v. University of*

*Idaho,* 2009 WL 4432367, *3 n.5 (W.D. Wash. Nov. 27, 2009)—it has no applicability to claims of *indirect* infringement, such as those squeezed into Webvention's allegation. *See* Complaint ¶ 39 ("Defendant L. L. Bean infringed directly, contributorily, and/or through the inducement of others…") (ellipses added). *See also Elan,* 2009 WL 2972374 at *2 (applying the "teachings of *Twombly* and *Iqbal*" to reject counterclaims alleging that plaintiff "directly and/or indirectly" infringed certain patents). Indeed, from the Complaint, L. L. Bean cannot even know what specific instrumentality has been accused of infringing which claims of Webvention's patents, whether L. L. Bean has been accused of direct or indirect infringement, or whether L. L. Bean has been accused of acting alone or in concert with others. Such uncertain claims cannot meet the facial plausibility threshold of *Ashcroft* and *Twombly*.

Without a doubt, to the extent Webvention attempts to plead a theory of indirect infringement against L. L. Bean, such pleading is fatally flawed. There is no attempt to provide even vague answers to the basic questions a complaint for indirect infringement must answer: which claims are indirectly infringed, which methods or systems indirectly infringe, and who is the direct infringer. *See PA Advisors, LLC v. Google, Inc.,* 2008 WL 4136426, *8 (E.D. Tex. Aug. 8, 2008) (finding "the reference to users [in an indirect infringement claim] is not sufficient" and requiring plaintiff to identify, at minimum, "the generic group of end users") (brackets added); *Eolas Techs., Inc. v. Adobe Sys., Inc.,* 2010 WL 2026627, *3 (E.D. Tex. May 6, 2010) (finding indirect infringement claim not plausible on its face when no direct infringer pled). Nor has Parallel provided any indication as to "how" the indirect infringement supposedly occurs. *See Sharafabadi v. Univ. of Idaho,* 2009 WL 4432367, *5 (W.D. Wash. Nov. 27, 2009) (dismissing indirect infringement claims where plaintiff did not allege "how [defendant] induced or contributed to another party's direct infringement"). In short, "[t]aken as whole, [Plaintiff's]

indirect infringement allegations—which fail to identify which claims are indirectly infringed, fail to identify which methods or systems indirectly infringe, and fail to identify a direct infringer in reference to its indirect infringement claims—does not state a claim for indirect infringement that is plausible on its face. The complaint simply fails to inform Defendants as to what they must defend." *Clear With Computers,* 2010 WL 3155888 at *4 (brackets added).

### III. WEBVENTION CANNOT SHORE UP ITS INADEQUATE PLEADINGS LATER IN THE LITIGATION

Such a fatally–flawed complaint cannot be shored up by later discovery. *See Ashcroft*, 129 S. Ct. at 1953 ("We have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.") (citing *Twombly*, 550 U.S. at 559). Previously, courts in this District and elsewhere have suggested that either Local Patent Rules or other discovery could fill in the lacunae in a barebones complaint. *See, e.g., PA Advisors*, 2008 WL 4136426 at *6; *Teirstein v. Aga Med. Corp.*, 2009 WL 704138, *5 (E.D. Tex. Mar. 16, 2009). However, the *Ashcroft* Court expressly stated that "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 129 S. Ct. at 1950 (ellipsis added). If Webvention has not filed an adequate complaint under *Ashcroft*, then Webvention is not entitled to subject L. L. Bean to the enormous costs of discovery and to supply much later the missing information concerning the alleged infringement under the Local Patent Rules that *Ashcroft* requires be in the complaint. The Local Patent Rules are designed to streamline discovery *after* an adequate patent infringement claim has been asserted, not to substitute for an adequate complaint in the first instance. *Cf. STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (Local Patent Rules designed to streamline discovery). Furthermore, to the extent of any actual conflict between the Local Patent Rules and the requirements of Federal Rules of Civil Procedure 8 and

12 under *Ashcroft*—and L. L. Bean does not see one—that conflict must be resolved in favor of the Federal Rules as interpreted by the Supreme Court. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). As the Supreme Court noted in *Ashcroft*, *Twombly* represented a "rejection of the careful–case–management approach" to evaluating pleadings. 129 S. Ct. at 1953.

In short, discovery is not the vehicle for a plaintiff to find out *whether* it has a claim; pre–suit investigation serves that purpose. By signing the complaint, Webvention's counsel certified that they have, "at a minimum," interpreted the claims of the asserted patent and compared the accused device with those claims before filing suit. *See Q–Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004) (pre–suit investigation requirements under Fed. R. Civ. P. 11); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (same). *Ashcroft* simply requires Webvention to provide sufficient factual information concerning the results of that pre–suit investigation to demonstrate not only that its infringement claims are "possible," but that they are "plausible." 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Thus, there should be factual information already in Webvention's possession that supports its claims. Webvention can—and must—include these facts in its Complaint without relying on information only available later in discovery.

In ruling on L. L. Bean's motion, the Court's role is not to anticipate how a claim might be saved through additional discovery, but to evaluate whether a claim has been stated with sufficient plausibility to survive a motion to dismiss. Webvention's claims plainly have not.

## CONCLUSION

For the reasons set forth above, L. L. Bean, Inc. respectfully requests that the Court grant its motion to dismiss.

Dated: May 16, 2011	Respectfully submitted,

	Jennifer Parker Ainsworth
	(State Bar No. 00784720)
	jainsworth@wilsonlawfirm.com
	Wilson, Robertson & Cornelius, P.C.
	One American Center
	909 ESE Loop 323, Suite 400
	Tyler, Texas 75701
	(903) 509–5000

	/s/ Stacy O. Stitham
	Peter J. Brann
	pbrann@brannlaw.com
	David Swetnam–Burland
	dsb@brannlaw.com
	Stacy O. Stitham
	sstitham@brannlaw.com
	BRANN & ISAACSON
	184 Main Street; P.O. Box 3070
	Lewiston, ME 04243–3070
	(207) 786–3566

	*Attorneys for Defendant*
	*L. L. Bean, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV–5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV–5(a)(3)(A), on May 16, 2011.

/s/ Stacy O. Stitham
Stacy O. Stitham